1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF WASHINGTON

7   E3 LAND, LLC,

                           Plaintiff,          NO:  2:17-CV-132-RMP
8
         v.                                    ORDER DENYING DEFENDANTS'
9                                              MOTION FOR ADDITIONAL TIME
    PETER ERIKSEN, a single man; and           TO RESPOND AND GRANTING
10  MARY E. ERIKSEN, a single                   PLAINTIFF'S MOTION TO
    woman,                                     REMAND
11
                           Defendants.
12

13

14       BEFORE THE COURT is Defendants' Second Motion for Additional Time to

15  Respond to the Motion to Remand, ECF No. 16, and Plaintiff's Motion to Remand,

16  ECF No. 9.  The Court has reviewed Defendants' motion for additional time, ECF

17  No. 16; Plaintiff's response, ECF No. 17; Plaintiff's motion to remand, ECF No. 9;

    the remaining record; the relevant law; and is fully informed.
18
                                 *Background*
19
         This matter originally was filed in Grant County, Washington, Superior Court
20
    as an action to quiet title to real property that Plaintiff purchased at a public tax sale
21

ORDER DENYING DEFENDANTS' MOTION FOR ADDITIONAL TIME TO
RESPOND AND GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

on November 18, 2016.  *See* ECF No. 9 at 1-2.  Plaintiff E3 Land, LLC purchased

four parcels of real property situated in Grant County for $2,802,200 and received a

Treasurer's Tax Deed after the sale.  ECF No. 9 at 2.  Defendants Peter Eriksen and

his mother Mary Eriksen continue to reside on the property at issue and, in

Plaintiff's words, are "refusing to leave."  ECF No. 9 at 2.  Plaintiff moved for

partial summary judgment, and the Superior Court set a hearing for May 4, 2017.

ECF Nos. 6-1; 9 at 3.  On April 7, 2017, Defendants filed a Notice of Removal to

this Court, stating as a basis for removal to federal court that there was diversity of

citizenship among the parties.  ECF Nos. 6 and 2.  In lieu of providing a copy of

Plaintiff's complaint from state court, Defendants provided Plaintiff's summary

judgment motion and the attachments supporting the motion.  After the matter was

removed to federal court, the state court action was stayed and the hearing on

Plaintiff's summary judgment motion was stricken.  ECF No. 9 at 3.

At the time that Plaintiff filed its motion to remand this matter to state court,

Plaintiff concurrently filed a motion to expedite hearing of the motion, and the Court

granted a moderately expedited hearing schedule upon a finding that Plaintiff had

presented good cause.  ECF No. 11.  However, subsequently, the Court granted

Defendants' first motion for additional time to respond, over Plaintiff's opposition to

an extension, and set a deadline of May 26, 2017, for Defendants to file any

response, and a deadline of June 2, 2017, for Plaintiff to file any reply.  ECF No. 15.

The Court directed the Clerk's Office to telephone Defendants at the phone number

ORDER DENYING DEFENDANTS' MOTION FOR ADDITIONAL TIME TO
RESPOND AND GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

1  they had provided to inform them of the Court's ruling and the deadline for their

2  response, in addition to mailing the order to Defendants. *Id*.

3  In Defendants' second motion for additional time to respond to the motion to

4  remand, Mr. Eriksen and Ms. Eriksen assert that they removed the matter to federal

5  court "because of the national concerns regarding the congressional land

6  grant/presidential land patent update, and not for some other improper purpose."

7  ECF No. 16 at 1. Defendants assert "conflict preemption by national law over state

8  law." ECF No. 16 at 2. Plaintiff again opposes Defendants' request for enlargement

9  of time to file a response. ECF No. 17.

10  Plaintiff argues that there was not jurisdiction to support removal to federal

11  court. ECF No. 9 at 5. Plaintiff contends that there is neither diversity of citizenship

12  between the parties nor any federal question. *Id.*

13  ***Request for Additional Time***

14  As a preliminary matter, the Court does not find good cause to extend any

15  further time to Defendants to respond to Plaintiff's motion. Defendants waited until

16  the end of their extended response period to request 21 more days to respond. The

17  Court agrees with Plaintiff that Defendants may be engaging in a delay tactic. As a

18  result, Defendants' period for responding to Plaintiff's motion expired without any

19  response filed. Nevertheless, the Court considers the relevant arguments Defendants

20  made in their other filings as the Court determines Plaintiff's motion to remand.

21

ORDER DENYING DEFENDANTS' MOTION FOR ADDITIONAL TIME TO
RESPOND AND GRANTING PLAINTIFF'S MOTION TO REMAND ~ 3

*Legal Standard*

An action filed in state court may be removed to the federal district court embracing the place where the action is pending when the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). A plaintiff may challenge removal by moving for remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). When remand from federal to state court is sought based on lack of subject matter jurisdiction, the party opposing remand bears the burden of demonstrating that the matter is properly before the federal court. *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.), *cert. denied*, 484 U.S. 850 (1987). Removal statutes are strictly construed; any doubt as to the propriety of removal should be resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Defendants generally may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). Therefore, the issue of whether removal was proper depends upon whether the case originally could have been filed in federal court. *See id.* Removal can be based on diversity jurisdiction or on federal question jurisdiction. *See* 28 U.S.C. § 1441(b). The federal question statute provides that "district courts shall have original jurisdiction of all civil

1 actions *arising under* the . . . laws . . . of the United States." 28 U.S.C. § 1331

2 (emphasis added).

3      A district court determining whether a case originally could have been filed

4 in federal court, thus rendering removal proper, applies the "well-pleaded

5 complaint rule." *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149

6 (1908). Under that rule, federal jurisdiction exists only when a federal question is

7 presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar, Inc.*

8 *v. Williams*, 482 U.S. 386, 392-93 (1987); *Calif. ex rel. Lockyer v. Dynegy, Inc.*,

9 375 F.3d 831, 838 (9th Cir. 2004). The rule rests on the premise that a plaintiff is

10 the master of his or her case and may choose whether to rely on state or federal

11 law. *Redwood Theatres, Inc. v. Festival Enterprises*, Inc., 908 F.2d 477, 479 (9th

12 Cir. 1990). If a plaintiff "can maintain his claim on both state and federal grounds,

13 he may ignore the federal question and assert only a state law claim and defeat

14 removal." *Sullivan*, 813 F.2d at 1371-72.

15      Moreover, "'whether a case is one arising under . . . a law . . . of the United

16 States, in the sense of the jurisdictional statute, . . . must be determined from what

17 necessarily appears in the plaintiff's . . . [complaint], unaided by anything alleged

18 in anticipation of avoidance of defenses which it is thought the defendant may

19 interpose.' . . . For better or worse, . . . a defendant may not remove a case to

20 federal court unless the *plaintiff's* complaint establishes that the case 'arises under'

21 federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.

1, 10 n. 9 (1983) (emphasis in original) (*quoting Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). Well-settled law bars the removal of a case based on a federal defense, including the defense of pre-emption. *Id.* at 14. Nor may a defendant transform a state action into a federal one by filing a federal counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

## *Analysis*

### Subject Matter Jurisdiction

There does not appear to be any basis to find that the Defendants are citizens of any state other than Washington. Defendants provide addresses for themselves in Royal City, Washington, and on Lummi Island, Washington. ECF No. 2-1 at 2-3. Plaintiff is a Washington corporation. Therefore, there is no basis to find that this matter originally could have been filed in federal court based on diversity of citizenship between Plaintiff and Defendants.

As for whether federal question jurisdiction exists, there is no dispute that this case is an action to quiet title. As a general rule, quiet title actions belong in state court because state law creates the cause of action. However, Courts have a long history of finding that a federal question is presented in quiet title actions under rare sets of circumstances. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) (finding federal jurisdiction existed in a quiet title action where there was a question about whether the Internal Revenue Service held a superior claim to the property under federal tax law); *Hopkins v. Walker*¸ 244 U.S. 486, 490-

91 (1915) (featuring plaintiffs who alleged that federal mining law gave them a superior claim to property).

Defendants did not claim in their removal notice, nor is there any evidence in the record, that resolution of the state law quiet title claim here turns on any substantial question of federal law.  With respect to the argument that Defendants raise in their second motion for additional time, the Court cannot decipher a federal question out of Defendants' assertion that any parcels historically involved in a Congressional land grant fall within the "national concern."  Most determinative, Plaintiff does not refer to any federal authority in stating its claim to quiet title to the property.  *See* ECF No. 6-1.  The Court resolves these pivotal problems regarding Defendants' removal of this action to federal court in favor of remand.  *See Duncan v. Stuetzle*, 76 F.3d at 1485.

**Request for Attorney's Fees**

Plaintiff further requests an award of attorney's fees incurred in opposing removal.  A district court may, in its discretion, order payment of the expenses incurred as a result of removal when a case is remanded to state court.  *See* 28 U.S.C. § 1447(c).  The standard for an award of attorney's fees under § 1447(c) is whether "the removing party lacked an objectively reasonable basis for seeking removal."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Although Defendants failed to meet their burden of satisfying the strict removal standard, the Court cannot find that Defendants, appearing pro se, acted in bad

faith or were aware that there was no objectively reasonable basis for the removal when they did not have the benefit of legal counsel. Defendants also were granted permission to proceed in this matter *in forma pauperis*. ECF No. 5. Therefore, the Court declines to enter an award of attorney's fees and costs at this time.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Extension of Time to File a Response, **ECF No. 16**, is **DENIED**;

2. Plaintiff's Motion to Remand, **ECF No. 9**, is **GRANTED**.

3. This matter is remanded to Grant County Superior Court.

4. The Court denies Plaintiff's request for attorney's fees and costs.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to pro se Defendants, and **close this case**.

**DATED** June 7, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge